# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3419 | **DATE** | 12/15/2010 |
| **CASE TITLE** | High Sierra Sport Company vs. Travelers Club Luggage, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Plaintiff High Sierra Sport Co.'s combined motion to dismiss Count III of Defendant Travelers Club Luggage, Inc's ("TCL") counterclaim and to strike TCL's affirmative defenses, or, in the alternative, for a more definite statement [14]. Defendant is given leave to file its amended answer and counterclaims [24].

■[ For further details see text below.]                                               Docketing to mail notices.

## STATEMENT

On July 21, 2010, Plaintiff High Sierra Sport Company filed its combined motion to dismiss Count III of Defendant Travelers Club Luggage, Inc's ("TCL") counterclaim and to strike TCL's affirmative defenses, or, in the alternative, for a more definite statement [14]. Plaintiff argues that Count III of TCL's counterclaim for unfair competition should be dismissed and that TCL's affirmative defenses do not provide Plaintiff with adequate notice of TCL's defenses.

Defendant represents to the Court that in an effort to resolve this matter without burdening the Court, Defendant provided Plaintiff with its proposed amendment of affirmative defenses and of counterclaims, requesting Plaintiff's written consent to file the amended answer and counterclaims. In the proposed amendment, Defendant withdrew Count III of its counterclaim for unfair competition and its ninth affirmative defense of "Reservation of Rights." Defendant also amended its remaining affirmative defenses to include more detailed explanations and bases for the asserts affirmative defenses. See TCL's Amended Answer and Counterclaims [24]. According to Defendant (and as set forth in the affidavit and email attached to Defendant's response to Plaintiff's combined motion [see DE 23-1 & 2]), Plaintiff represented that it was willing to agree to the filing of the proposed amended answer, except with respect to the fourth affirmative defense of "monopoly and restraint of trade." Because Defendant would not withdraw its fourth affirmative defense, Plaintiff would not consent to the filing of the amended answer.

Because Defendant's amended answer [24] withdraws Count III, the Court proceeds to Plaintiff's quibbles with Defendant's affirmative defenses. Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991); see also *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th

| STATEMENT |
|---|

Cir. 1989) (motions to strike affirmative defenses are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter from the case"); *Man Roland, Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 578 (N.D. Ill 1999); *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp 1224, 1228 (N.D. Ill 1996). Affirmative defenses will be stricken only when they are facially insufficient, and therefore it would be inappropriate to strike an affirmative defense where the issues are complex. See *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 (7th Cir. 1975). However, affirmative defenses are pleadings and, as such, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294 (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill 1982)).

At this stage, all of Defendant's remaining affirmative defenses easily meet the pleading requirements of Rule 8 by placing Plaintiff on notice of what Defendant is claiming. In particular, Plaintiff has failed to show that Defendant's "monopoly and restraint of trade" affirmative defense is facially deficient. See *Mobey v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993) (motion to strike generally granted only when the affirmative defenses are "patently defective and could not succeed under any circumstances"). A "sham litigation" exception applies to the *Noerr-Pennington* doctrine, and, assuming that all of the allegations in Defendant's amended answer are true, Defendant conceivably could demonstrate that Plaintiff's lawsuit constitutes an antitrust violation. See, *e.g.*, *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60-61 (1993). The affirmative defense of "monopoly and restraint of trade," however improbable or difficult to prove, is sufficient as a matter of law. See *Heller*, 883 F.2d at 1294. Just as the Court gives Plaintiff the benefit of any reasonable inferences in construing the complaint, so too does Defendant receive the benefit of reasonable inferences in construing the answer. See also *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976) ("In antitrust cases * * * dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.").

At this stage of the case, with only allegations and not facts in the record, Defendant has satisfied the pleading requirements for its affirmative defenses. Furthermore, as previously stated, Defendant's amended answer – which the Court gives leave to Defendant to file – has withdrawn the one counterclaim to which Plaintiff objected. Therefore, the Court denies Plaintiff's combined motion to dismiss Count III of Defendant Travelers Club Luggage, Inc's ("TCL") counterclaim and to strike TCL's affirmative defenses, or, in the alternative, for a more definite statement [14].